IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FREDDIE CASTRO,

PLAINTIFF,

v.

UNITED STATES OF AMERICA,

DEFENDANT.

Civil Action No.

1:25-cv 05218-ELR-JEM

**Answer**

NOW COMES Defendant United States of America, by and through the

United States Attorney for the Northern District of Georgia, and files this Answer

to Plaintiff's Complaint [Doc. 1].

**AFFIRMATIVE DEFENSES**

FIRST DEFENSE

The Complaint fails in part to state a claim upon which relief can be

granted.

SECOND DEFENSE

Plaintiff's injuries may not be the direct and proximate result of any

negligent or wrongful act or omission by Defendant, its agents, or its employees.

1

THIRD DEFENSE

Plaintiff's damages are limited to those allowed under the Federal Tort Claims Act (FTCA) and cannot exceed the amount requested in the administrative tort claim. 28 U.S.C. § 2675(b).

FOURTH DEFENSE

Plaintiff's recovery may be barred or limited by the provisions of Georgia's laws on comparative fault and apportionment of damages.

FIFTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's negligence claim for mental or emotional injury. 28 U.S.C. § 1346(b)(2).

SIXTH DEFENSE

Plaintiff may have failed to mitigate his alleged damages.

SEVENTH DEFENSE

Plaintiff is not entitled to costs under the FTCA.

EIGHTH DEFENSE

The Affirmative Defenses asserted heretofore in this Answer are not exhaustive, and Defendant hereby expressly reserves the right to amend this Answer to assert additional Affirmative Defenses as the facts and evidence may warrant.

**RESPONSE TO AVERMENTS IN THE AMENDED COMPLAINT**

Answering the numbered paragraphs of the Complaint, Defendant states:

1. Admitted that this action arises out of federal and state law for damages from alleged unlawful conduct by Defendant. Except as stated, denied.

2. Admitted that the Court has subject matter jurisdiction over at least some of the claims as alleged in this Complaint. Except as stated, denied.

3. Admitted that venue is proper. Except as stated, denied.

4. Admitted.

5. Admitted that Plaintiff arrived in the Receiving and Discharge area at the United States Penitentiary in Atlanta, Georgia, with approximately 70 other inmates on January 27, 2023, and was transferred to the custody of that facility. Except as stated, denied.

6. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph and therefore denies the same.

7. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 7 and therefore denies the same.

8. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 8 and therefore denies the same.

3

9. Denied.

10. Denied.

11. Defendant lacks sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 11 and therefore denies the same. The allegations in the second sentence of Paragraph 11 are denied.

12. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 12 and therefore denies the same.

13. Denied.

14. Defendant lacks sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 14 and therefore denies the same. The other allegations in the other sentences of Paragraph 14 are denied.

15. Defendant lacks sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 15 and therefore denies the same. The allegations in the second sentence of Paragraph 15 are denied.

16. Defendant lacks sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 16 and therefore denies

the same. The allegations in the other sentences of Paragraph 16 are denied.

17. Defendant lacks sufficient knowledge to admit or deny the allegations in the first and second sentences of Paragraph 17 and therefore denies the same. The allegations in the other sentences of Paragraph 17 are denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Admitted that Plaintiff and inmate Ras Matta were placed in the Special Housing Unit, made telephone calls to their families on January 28, 2023, and that Plaintiff described the alleged events of January 27, 2023, to his family during his telephone call. Defendant lacks sufficient knowledge to admit or deny the allegation that

inmate Ras Matta told his family about the assault during his telephone call and therefore denies the same. Except as stated, denied.

28. Admitted that Plaintiff remained in the Special Housing Unit until he was transferred to FCI Butner on January 31, 2023, and that he received medical treatment at FCI Butner. Except as stated, denied.

29. Admitted.

30. Defendant incorporates its responses Paragraphs 1 through 29, as if set forth fully here.

31. Denied.

32. Denied.

33. Denied.

34. Admitted that the cited words are contained in BOP Program Statement 3420.11, but denied that Paragraph 34 accurately quotes from this Program Statement.

35. Admitted that the cited clauses are contained in BOP Program Statement 3420.11, but denied that Paragraph 35 accurately quotes from this Program Statement.

36. Denied.

37. Admitted.

6

38. Admitted that Officer White and Officer Williams did not report any alleged violations of the BOP's Standards of Employee Conduct occurring on January 27, 2023. Except as stated, denied.

39. Denied.

40. Admitted that the cited clauses are contained in BOP Program Statement 5270.09, but denied that Paragraph 40 accurately quotes from this Program Statement.

41. Admitted that Officer White and Officer Williams did not issue any incident reports for events on January 27, 2023, involving Plaintiff. Except as stated, denied.

42. Admitted that the cited clauses are contained in BOP Program Statement 5566.06, but denied that Paragraph 42 accurately quotes from this Program Statement.

43. Admitted that neither Officer Williams nor Officer White reported a use of force incident on January 27, 2023, involving Plaintiff. Except as stated, denied.

44. The allegations in Paragraph 44 of the Complaint constitute a legal conclusion to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendant denies the allegations and specifically denies that it acted

wrongfully or unlawfully in any way or that it is liable to Plaintiff in any way.

45.   Denied.

46.   Defendant incorporates its responses to Paragraphs 1 through 45, as if set forth fully here.

47.   Denied.

48.   Denied.

49.   Denied.

50.   Denied.

51.   Denied.

52.   Defendant incorporates its responses to Paragraphs 1 through 51, as if set forth fully here.

53.   Denied.

54.   Denied.

55.   Denied.

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied.

8

61.     Denied.

Answering the WHEREFORE clause with the heading **RELIEF** following paragraph 61 of the Amended Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested in this clause or to any relief whatsoever against Defendant.

Except as expressly admitted above, all allegations in Plaintiff's Complaint stand denied, and Defendant further denies that Plaintiff is entitled to the relief requested.

WHEREFORE, having fully answered the Complaint, Defendant prays:

(a)     That this action be dismissed and that judgment be entered in its favor;

(b)     For an award of all allowable costs, including court costs, against the Plaintiff; and

(c)     That pursuant to 28 U.S.C. § 1346(b), this action be strictly limited to the amount of Plaintiff's administrative claim; and

(d)     That the Court grant Defendant such other relief as is just and proper.

Respectfully submitted,

THEODORE S. HERTZBERG
*United States Attorney*
*600 U.S. Courthouse*
*75 Ted Turner Drive SW*
*Atlanta, GA 30303*
*(404) 581-6000  fax (404) 581-6181*

/s/ANDREW J. NAVRATIL
*Special Assistant United States*
*Attorney*
Georgia Bar No. 429756
andrew.navratil2@usdoj.gov

10

## Certificate of Compliance

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13-point font.

/s/ANDREW J. NAVRATIL
*Special Assistant United States Attorney*